(112 App. Div. 777)

## COLE v. SWEET.

(Supreme Court, Appellate Division, Third Department. March 13, 1906.)

1. WITNESSES—TRANSACTION WITH DECEASED PERSON—OBJECTION—WAIVER.

In a suit brought by an executor at the instance of a residuary legatee against defendant for an accounting, plaintiff introduced defendant's evidence taken before the surrogate on exceptions by the residuary legatee to the executor's accounts, based on the executor's failure to recover certain alleged claims against defendant, in which proceeding defendant had been examined as a witness on behalf of the residuary legatee, after which the proceeding was suspended by the surrogate because he deemed himself without jurisdiction. *Held* that, the residuary legatee being the real party in interest, the reading of defendant's evidence constituted a waiver of the executor's right to object that defendant was disqualified to testify as to the whole of the transactions referred to in such testimony, under Code Civ. Proc. § 829, prohibiting a party from testifying to a personal transaction with a deceased person in an action brought by an executor.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 722.]

2. GIFTS—INTER VIVOS—VALIDITY—UNDUE INFLUENCE.

In an action by an executor for an accounting, evidence *held* insufficient to show that certain gifts made by testatrix in her lifetime to defendant, who performed services for her as a servant and nurse, were obtained by fraud and undue influence.

Smith, J., dissenting.

Appeal from Trial Term, Warren County.

Action by Norman Cole, as executor of the last will and testament of Elizabeth Thomas, deceased, against Mary Sweet. From a judgment in favor of defendant, plaintiff appeals, with the intention to bring up for review an interlocutory order denying plaintiff's motion for an order modifying the decision of the court by striking therefrom a provision for costs in favor of defendant. Affirmed.

The testatrix, Elizabeth Thomas, entered into an agreement in 1889 with the defendant, Mary Sweet, who before that time was earning $5 per week, whereby the latter agreed to live with the former as a domestic servant, and to perform the duties pertaining to such occupation, and said Elizabeth Thomas agreed to pay for such services $1 per week, and to bequeath to the defendant in her will $1,000 additional. Pursuant to such agreement, defend-

ant entered into the employment of said Elizabeth Thomas in 1889, and continued therein for nearly 14 years, and until the death of said Elizabeth Thomas. The plaintiff is the executor of the will of said Elizabeth Thomas, and has brought this action at the instigation of the residuary legatee thereunder, claiming that during the time defendant was in the employ of the said testatrix the latter was weak in body and mind, and that the defendant, while acting in a fiduciary capacity as the agent of the testatrix, wrongfully and fraudulently influenced her to sign and deliver to her, without any adequate consideration, checks for considerable sums of money, which the defendant drew thereon, and appropriated and converted the same ·to her own use, and also influenced testatrix to leave large sums of money in her hands, which she also wrongfully converted to her own use, and it is sought in this action to procure an accounting of such transactions, and to charge any amount found due to the plaintiff against the legacy for $1,000 given to the defendant by the will of the testatrix, and to recover a judgment against the defendant for the balance thereof. The testatrix died on the 20th day of July, 1903. The defendant denied in her answer that any fiduciary relations ever existed between her and the testatrix, and denied all allegations of fraud and undue influence and conversion of moneys. The court upon the trial dismissed the complaint, with costs against the plaintiff. From the judgment of dismissal, and from the order denying the motion to strike out the provision as to costs, plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

J. A. Kellogg, for appellant.
A. Armstrong, for respondent.

CHESTER, J. Prior to the commencement of this action, proceedings were taken by the residuary legatee before the surrogate of Warren county to compel an accounting by the executor. In that proceeding the residuary legatee under the will of the testatrix, who is her son, filed objections to the account, filed by the executor, and made the claim that the executor had failed to collect from Mary Sweet, the defendant, the moneys she had improperly obtained from the deceased; claimed that she was indebted to the estate therefor, and asked that such moneys be offset against the legacy to her. The defendant was called and sworn as a witness for the contestant in that proceeding, and upon the examination of his counsel, who is the same counsel that represented the plaintiff on the trial of this action, she was required to testify concerning personal transactions she had with the deceased in regard to the very matters involved in this suit. The surrogate finally determined that he had no jurisdiction to pass upon the claim made by the residuary legatee upon the accounting. The proceeding was then suspended, and it was agreed that an action should be brought in the name of the executor against Mary Sweet to recover the same moneys that had been the subject of the accounting, and for such cause of action as the residuary legatee may deem proper; the residuary legatee to designate attorneys and counsel in such action, who shall have full charge of the prosecution thereof, and to save the executor harmless from any claim which may arise against him on account of the institution of such action. This action was commenced accordingly in the name of the executor as plaintiff.

Immediately upon the opening of the trial, the plaintiff offered in evidence all the testimony which had been given by the defendant in the

proceeding in the Surrogate's Court, and under the defendant's objection that such testimony was incompetent, because the witness was in court, and should be examined in the regular way, such testimony, which covers some 23 pages of the printed record, was received and read as a part of the plaintiff's case. After the plaintiff rested on the trial, the defendant was sworn in her own behalf. Objections were then made by the plaintiff to all testimony on the defendant's part, involving personal transactions between her and the deceased, as being incompetent, under section 829 of the Code of Civil Procedure. These objections were overruled, and the defendant was allowed to testify fully concerning such personal transactions with the deceased as had been made the subject of inquiry on her prior examination. The exceptions to these rulings present the first question to be determined upon this appeal.

The appellant's counsel contends that the evidence of the defendant before the surrogate is to be regarded simply as her admissions, and that the proving of such admissions on this trial gives the defendant no right to explain or amplify the same, as the shield of section 829 of the Code of Civil Procedure stands in the way. It is true that such evidence of the defendant was not elicited in the first instance in this action by the plaintiff. If it had been, no doubt would exist as to her right to testify fully concerning the same transactions mentioned in the evidence, notwithstanding the prohibitions of section 829. But it was elicted on the part of the residuary legatee, who is the real, although not the nominal, plaintiff in this action, and in a proceeding instituted by him for substantially the same relief he is seeking in this action against the defendant, viz., to recover from her for his benefit moneys which he claims she improperly received from the testatrix. In that proceeding she was examined at great length concerning her personal relations and transactions with the deceased, and concerning every transaction which was the subject of inquiry upon this trial. These covered the subject of gifts from the deceased to the defendant, the method of drawing money from the bank upon checks, and the making of deposits in banks.

It seems to me that the plaintiff, under the circumstances presented here, by reading the defendant's testimony given in the Surrogate's Court, in evidence as a part of his case on this trial, is in no different position than if he had called the defendant to the stand as his witness, and elicited from her the same testimony which she had given in the Surrogate's Court. The evident purpose in not calling her was to prevent her giving upon cross-examination the testimony now objected to by the plaintiff. It would have been competent in the Surrogate's Court, after she had been examined by the contestant there, to have given upon cross-examination all the testimony which the plaintiff now seeks to exclude. That proceeding is still pending, and she could yet, in the discretion of the surrogate, be permitted to further testify there, and state the whole of transactions which she insists were only partially detailed there. If she had testified fully there, it could not be successfully contended that a part only of her testimony could be extracted and used against her here. The plaintiff, by the course adopted in getting her testimony, has, it appears to me, clearly opened the door to the defendant to detail the whole of any transaction about which she had

been partially examined, and should be held to have waived the right
to invoke the aid of section 829 to prevent her from so doing. The
court was therefore right in overruling the objections.

The plaintiff also seeks to show that the parties stood in a confidential
and fiduciary relation, so as to cast the burden upon the defendant of
showing, by clear and convincing evidence, that the gifts made by the
deceased to the defendant were free from fraud and undue influence.
But the learned trial court has found upon sufficient evidence that the de-
fendant held no fiduciary relations toward the deceased, except to de-
posit moneys when directed by her, collect interest when directed, make
purchases when directed, pay moneys from her purse or put moneys in
her purse when directed, and to do other things which an attendant
would do when under the direction and supervision of an employer.
The evidence is clear that whatever the defendant did she did pursuant
to the explicit directions of the deceased with reference to the specific
transaction. It was the relation of master and servant, with the serv-
ant faithfully obeying the orders which the master gave. There was no
discretion at all left to the servant with respect to the manner in which
these orders were to be obeyed, and while, in a sense, the relation was
one involving some degree of confidence, it was not a fiduciary relation
in the ordinary legal interpretation of that term. Nor is there any proof
in this case of any undue influence by the defendant over the deceased,
nor any evidence whatever of any fraud on the defendant's part. The
evidence, too, is that the deceased was a woman of strong will, and
kept a firm grasp upon all her business affairs, and that only upon
two or three occasions, when she was ill or had a fever, did the de-
ceased show any evidence of mental aberration. The evidence is to
the effect that the defendant was faithful in every respect to the de-
ceased, and performed not only the duties that she agreed to perform as
a domestic, but all kinds of other services and attentions, many of
which would ordinarily be performed by a nurse or by workmen or
artisans; that the deceased felt under great obligations to the defend-
ant for her valuable services, and said she thought as much of her as
if she had been her own daughter. With this feeling she made gifts of
money and other property to her from time to time while she was in her
employ, which, the trial court has found, with the legacy and wages
paid, were reasonable and in just recognition and compensation for her serv-
ices, and for the affection and care shown by her towards her mistress,
and the evidence shows, and the court has found, that all such gifts
were freely and voluntarily made. The services covered a period of
nearly 14 years, and after these gifts had been made the testatrix ex-
ecuted her will, giving to the defendant a legacy of $1,000, the amount
covered by the original agreement, which clearly indicated that she in-
tended the legacy to be in addition to the gifts.

While it is not easy to reconcile all of the statements made by the
defendant in her examination before the surrogate with some of her
statements made upon this trial, yet the relations between the defend-
ant and the deceased and the gifts made have ample support in the
testimony of the witnesses outside of the testimony of the defendant. The
case was properly disposed of at the Trial Term and no reason is ap-

parent why we should interfere with the judgment dismissing the complaint, or with the discretion of the trial justice in allowing costs to the defendant.

The judgment and order should be affirmed, with costs. All concur, except SMITH, J., who dissents.